# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OFNEW MEXICO

MARGARET J. LOPEZ

    Plaintiff,

v.                                                                 No. CIV 17-0028 JB/WPL

SUSAN HERMANN and LYNDA BENEDICT,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court, under 28 U.S.C. § 1915 and rule 12(h)(3) of the Federal Rules of civil Procedure, on: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs 9Long Form), filed January 11, 2017 (Doc. 2)("Application"); and on (ii) the Plaintiff's civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed January 11, 2017 (Doc. 1)("Complaint"). Plaintiff Margaret J. Lopez appears pro se. For the reasons set out below, the Court will: (i) grant Lopez' Application; and (ii) dismiss this case without prejudice for lack of subject-matter jurisdiction.

## FACTUAL BACKGROUND

Lopez' Application to proceed in forma pauperis states: (i) her "[a]verage monthly income amount during the past 12 months" was $1,904.00 in employment income and $1,472.00 in disability income, for a total monthly income of $3,376.00; (ii) she had $30.00 in cash and $50.00 in a checking account; (iii) she has a home valued at $156,000.00 and two vehicles valued at $16,000.00 and $1,200.00; (iv) she had four persons who rely on her for support;[1] and (v) her estimated average monthly expenses total $2,358.73. Application at 1-5. Lopez signed

---

[1] Those persons are a sister, age 50, two sons, ages 30 and 26, and a daughter, age 28. See Application at 3.

an 'Affidavit in Support of the Application," stating that she "is unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information she provides in the Application is true. Application at 1.

This case arise from the purchase of a house with a water well. See Complaint at 3. Shortly after purchasing the house, Lopez noticed a problem with the pump in the well blowing fuses. See Complaint at 3. The

> [I]nspector that did the inspection [before] Lopez purchased the house] told me he warned the realator [sic] Jim or Mike of Country realator [sic] & it was advised to Coldwell Banker Susan Hermann my Realator [sic] that the amps' [sic] on the motor was [sic] straining more than what it would, and it was struggling with it may give out.

Complaint at 4. Lopez notified her lender "that the well was not working," and "Lynda stated that there was nothing she could do." Complaint at 4. Lopez "then tried to notif[y] Susan of Coldwell Banker about why, she lied too [sic] me," but Lopez "never got a response . . . ." Complaint at 4. Lopez is "asking to get out of the contract and be reimbursed for the stress and emotional [sic] for having to being lied too [sic]!" Complaint at 5. Lopez indicated that she "presently resides" in New Mexico, and that "Defendant Susan Hermann 'Coldwell Banker,'" and "Defendant Lynda Benedict 'First Mortgage'" are citizens of New Mexico. Complaint at 1-2. Although Lopez filed her Complaint using the form "Civil rights Complaint Pursuant to 42 U.S.C. § 1983," no federal question appears on the face of the Complaint. Complaint at 2.

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person in unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds tat the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholstz, 368 F. App'x 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(citing Holmes v. hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Memours & Co., 335 U.S. 331, 344 91948). While a litigant need not be "absolutely destitute . . . [,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 F. App'x 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

---

[2] At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.")

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirement of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## **RELEVANT LAW REGARDING SUBJECT-MATTER JURISDICTION**

It is a fundamental precept of American law that the federal courts are 'courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal-question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United States Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. general rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir.

1995)(citation and internal quotations omitted).  In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).  "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)(emphasis in original).

## LAW REGARDING DIVERSITY JURISDICTION

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"  Thompson v. Intel Corp., 2012 U.S. Dist. LEXIS 126311, at *12 (D.N.M. 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a)).  As the Court has previously explained, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute."  McEntire v. Kmart Corp., 2010 U.S. dist. LEXIS 13373, at *3 (D.N.M. 2010)(Browning, J.)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-68 (1806), overruled in part by Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)).  The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation."  Valdez v. Metro. Prop. & Cas. Ins. Co., 867 F. Supp. 2d 1143, 1163 9D.N.M.

2012)(Browning, J.)(citing McPhail v. Deere & Co., 529 F.3d at 956). The Court will discuss the two requirements in turn.

### 1. **Diversity in Citizenship.**

For diversity jurisdiction purposes, a person's domicile determines citizenship. See Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 2013). "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." McEntire v. Kmart Corp., 2010 U.S. Dist. LEXIS 13373, at *3 9citing Crowley v. glaze, 710 F.2d at 678). See Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced such jurisdiction may not be divested by subsequent events."). If neither a person's residence nor the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth. See Gates v. Comm'r of Internal Revenue, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his parents. It continues until another domicile is lawfully acquired."). Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship." McEntire v. Kmart Corp., 2010 U.S. Dist. LEXIS 13373, at *3 9citing State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)). A corporation on the other hand, is "'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000)(quoting 28 U.S.C. § 1332(c)(1)).

### 2. **Amount in Controversy.**

The statutory amount-in-controversy requirement, which presently stands at $75,000.00 must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold. Martinez v. Martinez, 2010U.S. Dist. LEXIS 38109, at *18 (D.N.M. 2010)(Browning, J.). If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims. See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 U.S. Dist. LEXIS 38109, at *18. Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and distinct." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292 (10th Cir. 2001)(Seymour, C.J.), abrogated on other grounds by Dart Cherokee Basin Operating Co. v Owens, 135 S. Ct. 547 (2014). Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated. See 14AA Charles A. Wright et al., Federal Practice and Procedure, Jurisdiction § 3704, at 566-95 (4th ed. 2011). While the rules on aggregation sound complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant -- regardless whether the defendant has jointly liable co-defendants -- then the court has original jurisdiction over the dispute between that plaintiff and that defendant. The court can then exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a),

meaning that they "derive from a common nucleus or operative fact." United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1996).

Satisfaction of the amount-in-controversy requirement must be established by a preponderance of the evidence. See McPhail v. Deere & Co., 529 F.3d at 953. In the context of establishing an amount-in-controversy, the defendant seeking removal could appear to be bound by the plaintiff's chosen amount of damages in the complaint, which would seem to allow a plaintiff to avoid federal jurisdiction " merely by declining to allege the jurisdictional amount [in controversy]." McPhail v. Deere & Co., 529 F.3d at 955. The Tenth Circuit's decision in McPhail v. Deere & Co. has foreclosed such an option from a plaintiff who wishes to remain in state court. McPhail v. Deere & Co. holds that a defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play." 529 F.3d at 955.

The Supreme Court recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. at 554. The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLP v. Owens, 135 S. Ct. at 554.

## LAW REGARDING FEDERAL-QUESTION JURISDICTION

Federal courts have limited jurisdiction, and there is a presumption against the existence of federal jurisdiction. See Basso v. Utah power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A federal district court has "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is a federal question if the case arises under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

Whether a case arises under the federal law is determined by the "well-pleaded complaint rule," Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9 (1983)("Franchise Tax Bd."), specifically, when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). This determination is made by examining the plaintiff's complaint, "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Franchise Tax bd., 463 U.S. at 10 (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). The Supreme Court has further limited subject-matter jurisdiction by requiring that the federal law on which the plaintiff's complaint relied creates a private cause of action. See Franchise Tax Bd., 463 U.S. at 25-26. The Supreme Court has emphasized that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986). See Sandoval v. New Mexico Technology Group, L.L.C., 174 F. Supp. 2d 1224, 1232 n. 5 (D.N.M. 2001)(Smith, M.J.)("Merrell Dow is the controlling law when invoking subject matter jurisdiction" and when a right under state law turns on construing federal law). District courts must exercise "prudence and restraint" when determining whether a state cause of action presents a federal question, because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 810.

In addition to the requirement that the federal question appear on the fact of the complaint, "plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union pacific Corp., 318 F.3d 1231, 1235 (10th Cir. 2003)(quoting Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001)). If the resolution turns on a substantial question of federal law, the federal question must also be "contested." Grable & Sons Metal Products Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005)("Grable & Sons"). Finally, the exercise of federal-question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing § 1331's application." Grable & Sons, 545 U.S. at 313. Particularly, the court must determine whether recognition of federal-question jurisdiction will federalize a "garden variety" state-law claim that will result in the judiciary being bombarded with cases traditionally heard in state courts. Grable & Sons, 545 U.S. at 318. See Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *7-9 (D.N.M. Apr. 30, 2009)(Browning, J.).

## ANALYSIS

Having carefully reviewed the Application, the Complaint, and the relevant law, the Court will: (i) grant Lopez' Application; and (ii) dismiss this case without prejudice, for lack of subject-matter jurisdiction. The Court will grant Lopez' Application to proceed in forma pauperis, because: (i) she signed an affidavit stating that she is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in her Application is true; and (ii) while Lopez' monthly income exceeds her monthly expenses, there are four adults who rely on Lopez for support. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . . [,] an

affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life").

The Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court does not have diversity jurisdiction, because all of the parties are domiciled in New Mexico. See Thompson v. Intel Corp., 2012 U.S. Dist. LEXIS 126311, at *12 (D.N.M. 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a))("Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"). The Court does not have federal question jurisdiction, because this case does not arise under a federal law. See 28 U.S.C. § 1331 (stating that a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

**IT IS ORDERED** that: (i) the Plaintiff's Application to proceed in District Court Without Prepaying Fees or Costs (Long Form), filed January 11, 2017 (Doc. 2), is granted; (ii) this case is dismissed without prejudice; and (iii) Final Judgment is entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Margaret J. Lopez
Moriarty, New Mexico

    *Plaintiff pro se*

- 12 -

Susan Hermann
Cedar Crest, New Mexico

    *Defendant pro se*

Lynda Benedict
Albuquerque, New Mexico

    *Defendant pro se*